CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-5737 Kuakini Highway, Suite 102
Kailua-Kona, Hawai'i 96740
Telephone: (808) 322-3389
Facsimile: (202) 204-5181
E-Mail:    kculpepper@culpepperip.com

Attorney for Plaintiffs
ME2 Productions, Inc. and
Headhunter, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ME2 Productions, Inc., and Headhunter, LLC<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>Taylor Wolf,<br><br>　　　　　Defendant. | **Case No.: 1:18-cv-185**<br><br>(Copyright)<br><br>**COMPLAINT; EXHIBITS 1-2**<br><br>**(1) CONTRIBUTORY COPYRIGHT INFRINGEMENT** |

COMPLAINT

First Plaintiff ME2 Productions, Inc. (hereafter: "ME2") and Second Plaintiff Headhunter, LLC (hereafter: "Headhunter") (collectively "Plaintiffs") file this Complaint against Defendant Taylor Wolf ("Defendant") and allege as follows:

## I.  NATURE OF THE ACTION

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the Copyright Act").

2. The Plaintiffs allege that Defendant is liable for contributory copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

## II.  JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).

4. Defendant resides in, solicits, transacts, or is doing business within this jurisdiction, and has committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that her acts would cause injury in this jurisdiction. As such, Defendant has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over her.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (b) the Defendant resides, and therefore can be found, in this State. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases), because the Defendant or Defendant's agent resides or may be found in this District.

## III. PARTIES

### A. The First Plaintiff, ME2 Productions, Inc.

6. ME2 is a corporation organized and existing under the laws of the State of Nevada.

7. ME2 is an affiliate of Millennium Funding, Inc., a production company and distributor of a notable catalog of major motion pictures. (www.millenniumfilms.com).

8. ME2 is the owner of the copyright for the motion picture in the Work "*Mechanic: Resurrection*" (hereafter: the "First Work") a major motion picture released in 2016 as shown in Exhibit "1".

9. The First Work is the sequel to the highly successful 2011 film "*The Mechanic*". The First Work is a major production with notable actors, a national advertising campaign and a significant opening release in over 2,200 screens, promoted in part by its web site: http://www.mechanic.movie.

### B. The Second Plaintiff, Headhunter, LLC.

10. Headhunter is a limited liability company organized under the laws of Nevada with principal offices in Los Angeles, California.

11. Headhunter is an affiliate of Voltage Pictures, a production company with a notable catalog of major motion pictures. (www.voltagepictures.com).

12. Headhunter is the owner of the copyright for the motion picture in the

Work "*A Family Man"*, (hereafter: the "Second Work") a major motion picture released in July of 2017.

13. The Work is about a man torn between his profession as a corporate headhunter and his loyalties and love for his family.

### C. The Defendant

14. Upon information and belief, Defendant Taylor Wolf is an individual over the age of 18.

15. Upon information and belief, Defendant was at the time of the alleged events and currently is an employee of a Verizon branded store (hereafter: "store") owned by ABC Phones of North Carolina, Inc., dba Victra in Kahului, Hawaii.

16. As an employee of Victra, Defendant sells and has sold telecommunication equipment such as cell phones, tablet devices and/or computing devices to members of the general public.

17. As an employee of Victra, Defendant assisted in or performed installation and/or set up of said cell phones, tablet devices and computing devices for said members of the general public.

18. The Defendant promoted the software application Show Box (hereafter: the "Show Box app") to said members of the general public, including Kazzandra Pokini.

19. The Defendant distributed the Show Box app to said members of the general public, including Kazzandra Pokini.

20. The Defendant installed the Show Box app on a tablet device of Kazzandra Pokini so that Kazzandra Pokinit could watch pirated content.

21. Upon information and belief, Defendant uses the Show Box app to watch pirated content.

22. Defendant is a contributory infringer as more particularly described below.

## V.   FACTUAL BACKGROUND

### A.  *The Plaintiffs Own the Copyrights to the Works*

23. ME2 is the owner of the copyright in the First Work. The First Work is the subject of a copyright registration (Registration Number PA 1-998-057), and this action is brought pursuant to 17 U.S.C. § 411. *See* Exhibit "1".

24. Headhunter is the owner of the copyright in the Second Work. The Second Work is the subject of a copyright registration (Registration Number PA 2-039-392), and this action is brought pursuant to 17 U.S.C. § 411. *See,* Exhibit "2".

25. The Works are motion pictures currently offered for sale in commerce.

26. Defendant had notice of Plaintiffs' rights through general publication and advertising and more specifically as identified in the content of the motion pictures, advertising associated with the motion pictures, and packaging and copies,

each of which bore a proper copyright notice.

### B. The Defendant Induced Kazzandra Pokini to Infringe the Plaintiffs' Copyrights

27.    The Show Box app uses BitTorrent Protocol to download illicit copies of copyright protected content.

28.    BitTorrent is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data.

29.    The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

#### 1. Defendant Installed a BitTorrent Client onto Kazzandra Pokini's Tablet

30.    A BitTorrent "Client" is a software program that implements the BitTorrent Protocol.

31.    Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the

BitTorrent protocol.

32.     Defendant knew that the Show Box app would cause Kazzandra Pokini to make copies of copyrighted content in violation of copyright laws of the United States.

33.     Defendant installed the Show Box app, which uses the BitTorrent Client, onto Kazzandra Pokini's tablet device.

### *2. The Defendant Promoted the Show Box app for infringing purposes*

34.     The Defendant told Kazzandra Pokini that her tablet device could be used to watch free movies.

35.     The Defendant installed the Show Box app on the tablet device of Kazzandra Pokini while she was in the store.

36.     The Defendant showed Kazzandra Pokini how to use the Show Box app to download and watch movies while she was in the store.

### *C. Kazzandra Pokini used the Show Box app to infringe Plaintiffs' Works as instructed by Defendant*

37.     Kazzandra Pokini, following the instructions of Defendant, used the Show Box app to download and share copies of the Plaintiffs' Works.

### VI. FIRST CLAIM FOR RELIEF
(Contributory Copyright Infringement based upon Inducement)

38.     Plaintiffs re-allege and incorporate by reference the allegations

contained in each of the foregoing paragraphs.

39. Plaintiffs are the copyright owners of the Works which each contains an original work of authorship.

40. Defendant had actual knowledge of third parties' infringement of Plaintiffs' exclusive rights under the Copyright Act.

41. Defendant intentionally induced the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly distribute, publicly perform and/or display their Copyrighted Works. As intended and encouraged by Defendant, the Show Box app was used to connect Kazzandra Pokini to an unauthorized Torrent source to deliver a copy of Plaintiffs' Copyrighted Works.

42. Defendant induced the aforementioned acts of infringement by supplying the Show Box app that facilitate, enable, and create direct links between their users and the infringing sources, and by actively inducing, encouraging and promoting the use of the Show Box app for blatant copyright infringement.

43. Defendant's intentional inducement of the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

44. Defendant's inducement of the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with

indifference to the rights of the Plaintiffs.

45. Defendant's actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

46. The Plaintiffs did not authorize, permit, or provide consent to the Defendant inducing, causing, or materially contributing to the infringing conduct of others.

47. The Plaintiffs did not authorize, permit, or provide consent to their Works being publicly displayed, performed or distributed via the Show Box app.

48. By engaging in the contributory infringement alleged in this Complaint, the Defendant deprived not only the producer of the Works from income that could have been derived when these films were shown in public theaters and offered for sale or rental, but also all persons involved in the production and marketing of these films, numerous owners of local theaters and retail outlets in Hawaii and their employees, and, ultimately, the local economy. The Defendant's misconduct therefore offends public policy.

49. The Plaintiffs have suffered damages that were proximately caused by the Defendant's contributory copyright infringement including, but not limited to lost sales, price erosion, and a diminution of the value of its copyright.

WHEREFORE, the Plaintiffs respectfully requests that this Court:

(A) enter preliminary and permanent injunctions enjoining Defendant from

continuing to contribute to infringement of the Plaintiffs' copyrighted Works;

(B) award the Plaintiffs' statutory damages per Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E) award the Plaintiffs their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) grant the Plaintiffs any and all other and further relief that this Court deems just and proper.

DATED: Kailua-Kona, Hawaii, May 18, 2018.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs
ME2 Productions, Inc.
Headhunter, LLC

20-0016